**IT IS ORDERED**

**Date Entered on Docket: October 19, 2020**



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

REGINA S. CHAVEZ

       Debtor.                                         Case No. 13-18-13188-JA

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

This matter came before the Court on Specialized Loan Servicing, LLC's ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on January 10, 2020, (Docket No. 78) (the "**Motion**"), and the Debtor's Response to the Motion for Relief from Automatic Stay for the Abandonment of Property (the "**Response**") filed on January 31, 2020 (Docket No. ). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

       a.       On January 10, 2020, Creditor served the Motion and a notice of the Motion (the "**Notice**") on Christopher L Trammell, Attorney for Debtor, and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission

of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

  b.  The Motion relates to the property located at 705 Claudine Street NE, Albuquerque, New Mexico 87123 (the "**Property**"), more fully described as:

> LOT NUMBERED THIRTY-NINE (39) OF BLOCK ONE HUNDRED THREE (103) OF PRINCESS JEANNE PARK, A ADDITION TO THE CITY OF ALBUQUERQUE, STATE OF NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT OF SAID ADDITION FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON SEPTEMBER 30, 1959, IN PLAT BOOK D, PAGE 85.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

  c.  The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

  d.  The Notice was sufficient in form and content;

  e.  The objection deadline expired on February 3, 2020;

  f.  On January 31, 2020 the Debtor filed a Response to the Motion;

  g.  As of September 24, 2020 no other party in interest filed a response to the Motion;

  h.  The Court being advised of both the Debtor's and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

  The parties stipulate and agree to the following terms:

1. <u>Postpetition Default</u>. As of September 24, 2020, the Debtor's postpetition default was $9,477.70 (representing missed payments from September 1, 2019 through September 1, 2020, twelve (12) payments of $728.53 and one (1) payment of $735.34 (the "**Postpetition Default**").

2. <u>Stipulated Monthly Payments</u>. The Debtor shall pay the Postpetition Default by timely making twelve (12) monthly payments commencing on October 15, 2020 (the "**Stipulated Monthly Payment**") as follows:

| Due Date | Payment Amount |
| --- | --- |
| October 15, 2020 | $789.81 |
| November 15, 2020 | $789.81 |
| December 15, 2020 | $789.81 |
| January 15, 2021 | $789.81 |
| February 15, 2021 | $789.81 |
| March 15, 2021 | $789.81 |
| April 15, 2021 | $789.81 |
| May 15, 2021 | $789.81 |
| June 15, 2021 | $789.81 |
| July 15, 2021 | $789.81 |
| August 15, 2021 | $789.80 |
| September 15, 2021 | $789.80 |
| **TOTAL** | **$9,477.70** |

3. Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total Postpetition Default. Each payment shall include the loan number and will be made in certified funds and will be delivered to:

Specialized Loan Servicing, LLC
PO Box 636007
Littleton, Colorado 80163

4. <u>Monthly Note Payments</u>. In addition to the Stipulated Monthly Payment to cure the Postpetition Default, the Debtor shall continue to timely pay their regular monthly payment as required by the terms of the Note (currently $735.34 per month) commencing with the September 1, 2020 payment, unless otherwise notified by Creditor (the "**Note Payment**").

5. <u>Notice of Default</u>. In the event the Debtor fails to tender either a Stipulated Monthly Payment or Note Payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtor's counsel (the "**Notice of Default**").

    a. <u>Cure Period</u>. The Debtor will have ten (10) days from the filing of a Notice of Default to pay the balance due pursuant to the Notice of Default (the "**Cure**").

    b. <u>Default</u>. If the Debtor fails to Cure within ten (10) days of the filing of the Notice of Default, then Debtor shall be in Default (the "**Default**").

    c. <u>Affidavit of Default</u>. If Debtor is in Default, then upon movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtor's bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

    d. <u>Third Failure to Make Monthly Payment</u>. The Debtor will only receive two (2) Notices of Default. In the event that the Debtor fails to make a Stipulated Monthly Payment or Note Payment a third time, Creditor may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, The automatic stay is not modified to permit creditor to take any act to collect a deficiency or other obligation against the Debtor or to create any personal liability as to the Debtor, but rather, the stay is modified to allow the Debtor to be named as defendants *in rem* and seek enforcement of its security interest against the property.

6. <u>Trustee Payments</u>. Upon Default and the filing of an Affidavit of Default with proper notice of the Default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtor's Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amend

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon default by the Debtor and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered.

That upon default by the Debtor and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtor to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtor, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By */s/ Michael D. Mazur*
    MICHAEL D. MAZUR
    Attorney for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Michael.Mazur@roselbrand.com


APPROVED BY:


By:    Approved via Email on 10/14/2020
    Christopher L Trammell
    Attorney for Debtor
    3900 Juan Tabo NE
    Albuquerque, NM 87111-3984
    Telephone: (505) 294-0131
    cltlaw@comcast.net


By:    Approved via Email on 10/15/2020
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

Copied to:

Regina S. Chavez
Debtor
705 Claudine Street NE
Albuquerque, NM 87123